# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

STEPHEN D. HATCHETT,

       Petitioner,

   v.                                       Case No. 3:16-CV-289 JVB

SUPERINTENDENT,

       Respondent.

## OPINION AND ORDER

Stephen D. Hatchett, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISF 15-09-154) where a disciplinary hearing officer (DHO) found him guilty of possession of intoxicants in violation of Indiana Department of Correction (IDOC) policy B-231. ECF 1 at 13. As a result, he was sanctioned with the loss of 30 days earned credit time. ECF 4-6 at 1. Hatchett identifies three grounds in his petition.

In Ground One, Hatchett challenges the sufficiency of the evidence the DHO relied on to find him guilty. ECF 1 at 2. According to Hatchett, another offender, James Damron, was seen smoking in the bathroom. ECF 1 at 5. As correctional staff approached Damron, he handed Hatchett a yellow piece of paper and asked Hatchett to hold it for him. *Id.* Hatchett claims that he did not know that the piece of paper contained contraband. *Id.* Correctional staff searched Hatchett and discovered that inside the paper was a green leafy substance. ECF 1 at 13. Hatchett and Damron told correctional staff that the contraband was not Hatchett's. ECF 1 at 5. Nevertheless, Hatchett was issued a disciplinary ticket. ECF 1 at 6. The substance later tested positive for marijuana. ECF 4-7 at 2. The Respondent contends that ownership is immaterial for

purposes of the IDOC policy and that the DHO had sufficient evidence to find Hatchett guilty on the basis of his physical possession. ECF 4 at 7, 9.

The imposition of prison discipline will be upheld so long as there is some evidence to support the finding. *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1994).

The IDOC defines offense B-231 as, "[m]aking or possessing intoxicants, or being under the influence of any intoxicating substance (e.g., alcohol, inhalants)." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-

2015(1).pdf. The IDOC's definition of 'possession' includes any contraband on the prisoner's person, without reference to ownership: "offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control." Disciplinary Code for Adult Offenders. http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf.

The DHO had sufficient evidence on which to find Hatchett guilty of violating IDOC policy. A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. The Conduct Report states:

> [o]n 9-3-15 at approx. 19:23 pm hours, I Officer Yarbrough 371 while conducting a pat search on offender Stephen Hatchett DOC # 178930 in the A-side latrine of 18 North confiscated on (sic) yellow pouch with a green leafy substance inside from his back pocket. Offender Hatchett was advised of this conduct report and identified by state ID. Substance forwarded to IA. Photo attached.

ECF 1 at 13. Hatchett requested that Damron be called as a witness. In the witness statement, Damron stated, "was in the latrine smoking. Handed him to hold it, told him it was a kite. So I could take a shower. Really thought I was going to get shook down. It was my spice." ECF 1 at 9. Hatchett admits that he was in physical possession of the contraband at the time it was discovered. ECF 1 at 5. The DHO considered the Conduct Report, staff reports, witness statement, photograph, Hatchett's statements, and ultimately found Hatchett guilty of the charged offense. ECF 4-6 at 1. This finding was not unreasonable or arbitrary. The DHO had sufficient evidence on which to find Hatchett guilty of "possessing intoxicants" in violation of IDOC B-231. Ground One is denied.

In Grounds Two and Three, Hatchett argues that he was not able to present evidence at his hearing. ECF 1 at 2. Specifically, Hatchett argues that he identified Officer Laloux as a witness, but that the officer's brother was inadvertently interviewed instead. *Id.* Respondent argues that even if the correct Officer Laloux had been interviewed, the evidence would not have been exculpatory. ECF 4 at 10–11. According to Respondent, any witness statement from Officer Laloux would serve only to confirm the fact that Hatchett was in possession of the contraband—a fact Hatchett admits. *Id.* Thus, Respondent contends, Hatchett would have been found guilty even if the correct officer had been interviewed. *Id.*

The DHO's failure to interview the correct Officer Laloux did not violate Hatchett's due process rights. An inmate has a constitutional right to present relevant, exculpatory evidence during a prison disciplinary hearing which extends the duration of his confinement. *Wolff*, 418 U.S. at 566; *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). Here, Hatchett contends that Officer Laloux would have served as a witness that, while the contraband was found on Hatchett, it belonged to Damron. ECF 1 at 6, 4-4 at 1, 4-6 at 1. Yet, this evidence would not have exculpated Hatchett of possession of the contraband. Hatchett was disciplined for possession, and for purposes of the offense, it was immaterial who had ownership of the property.

Furthermore, the DHO's mistake resulted in harmless error. Where a prisoner is denied the opportunity to present relevant evidence, the prisoner must establish that the disciplinary board's failure to call his witness resulted in actual prejudice, rather than harmless error. *Piggie*

4

*v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Hatchett has not established that he was prejudiced in any way by the DHO's failure to interview the correct witness. Therefore, Grounds Two and Three of Hatchett's petition are denied.

For these reasons, the Court DENIES the habeas corpus petition. The Court DIRECTS the Clerk to enter judgment and close this case.

**SO ORDERED** on April 28, 2017.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN<br>
UNITED STATES DISTRICT JUDGE